Jianming Lyu v Ruhnn Holdings Ltd. (2020 NY Slip Op 07282)





Jianming Lyu v Ruhnn Holdings Ltd.


2020 NY Slip Op 07282


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 655420/19 Appeal No. 12553 Case No. 2020-02555 

[*1]Jianming Lyu, etc., Plaintiff-Respondent,
v
Ruhnn Holdings Limited et al., Defendants-Appellants, Min Feng et al., Defendants.


Simpson Thacher & Bartlett LLP, New York (George S. Wang of counsel), for Ruhnn Holdings Limited and Xiaocao XU, appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Scott D. Musoff of counsel), for Citigroup Global Markets Inc. and UBS Securities LLC, appellants.
Robbins Geller Rudman & Dowd LLP, San Diego, CA (Joseph D. Daley of the bar of the State of California, admitted pro hac vice, of counsel), and Robbins Geller Rudman & Dowd LLP, Melville (William J. Geddish, of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about April 22, 2020, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint alleging violations of sections 11, 12(a)(2) and 15 of the [*2]Securities Act of 1933 (15 USC §§ 77k; 77l[a][2]; 77o) in its entirety except to the extent of dismissing the section 12(a)(2) claim as against Ruhnn Holding Limited, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Given defendants' disclosure that defendant Ruhnn was shifting to a "platform" model for its online sales and away from the self-owned, "full service" model, the omission of data from the period immediately preceding the issuance of the final prospectus showing that there had already been a reduction in the full service segment of the company did not "significantly alter[] the 'total mix' of information made available" to a reasonable investor (DeMaria v Andersen , 318 F3d 170, 180 [2d Cir 2003] [some internal quotation marks omitted]).
As the full service sector's revenue was not closely related to either the number of stores or the number of online influencers serving the segment, the focus on these metrics was "myopic"; disclosure would not have given a more accurate picture of the status of the business (see Stadnick v Vivint Solar, Inc. , 861 F3d 31, 38 [2d Cir 2017]).
Absent a violation of section 11 or 12, the claims against the individuals (under section 15) must also be dismissed.
The complaint fails to state a cause of action for violation of either item 303 or item 305 of Regulation S-K (see 17 CFR 229.303(a)(3)(ii); 229.105), as the offering material disclosed both the shift to the platform model and the risks associated with that shift. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020